Moncure, P.,
delivered the opinion of the court.
The court is of opinion, that as the constitution, article VI, sec. 26, requires that indictments shall con-clude, “ against the peace and dignity of the Commonwealth,” and as the first count of the indictment in this case does not so conclude, though the second, count does, the first count is therefore fatally defective in that respect, and the demurrer thereto ought to have been sustained instead of overruled; according to the authority of Carney’s case, 4 Gratt. 546.
The court is further of opinion, that although the grand jury might lawfully have found the first count •of the indictment “ a true bill,” and the second count “ not a true bill;” yet, they did not in fact do so, but found the whole indictment, including both counts,
a true bill.” The endorsement, “ an indictment against Willis Thompson, murder in commission of jape,” which appears to have been on the indictment *730 when found by the grand jury and when presented by them in court, was not a part of their finding, which consisted only of the words, “ true bill,” endorsed on the indictment and signed by their foreman. And, although the same words of description, endorsed on the indictment as aforesaid, are used in the record of the finding thereof; yet, it is a sufficient record of the finding of the whole indictment; the words, “ in commission of rape,” included in that description, being-mere surplusage.
The court is further of opinion, that it is not necessary, in consequence of the statute defining the different degrees of murder, and subjecting them to different punishments, to alter the form of indictments for-murder in any respect, nor to charge specially such ‘facts as would shew the offence to be murder in the-first degree. 3 Robinson’s Practice, old edition, p. 43; Commonwealth v. Miller, 1 Va. Ca. 310; Wicks v. Commonwealth, 2 Id. 387. Therefore, the first count of .the indictment in this case, which charges specially a rape,, in the commission of which the murder, which is the-object of the prosecution, is charged to have been committed, is wholly unnecessary, although not on that ground demurrable; and the second count, which is in the common form, will answer every purpose which could have been answered by the first count as an indictment for murder, even if the latter had been otherwise unexceptionable.
The court is further of opinion, that in a criminal case a confession of the accused is admissible evidence^ against him, only when it is voluntary; that is, when, made without being induced by motives of hopé or fear of temporal advantage or injury, excited by a person in authority, or with the apparent sanction of such a person. Smith’s case, 10 Gratt. 734. Persons in authority, within the meaning of the rule, being such as are engaged or concerned in the apprehension, prose *731 cution or examination of tlie accused. Id. 742, ’3. That the confession is voluntary, being therefore a condition precedent of its admissibility, and the duty of deciding on its admissibility being a duty which devolves on the court, it follows, necessarily, that the court must be satisfied that the confession was voluntary, before it can be permitted to go before the jury; in other words, that the burden of proof that it was voluntary, devolves on the Commonwealth.
The court is further of opinion, that though a confession may be inadmissible because not voluntary, it may become admissible by being subsequently repeated by the accused, when his mind is perfectly free from the undue influence which induced the original confession. Prima facie, the undue influence will be considered as continuing; though the presumption may be repelled by evidence, which, however, must be strong and clear. The rule on this subject has been well stated to be, “ that, although an original confession may have been obtained by improper means, yet subsequent confessions of the same or like facts may be admitted, if the court believes, from the length of time intervening, or from proper warning of the consequences of confession, or from other circumstances, that the delusive hopes or fears, under the influence of which the original confession was obtained, were entirely dispelled. In the absence of any such circumstances, the influence of the motives proved to have been offered, will be presumed to continue, and to have produced the confession, unless the contrary is shown by clear evidence, and the confession will therefore be rejected.” 2 Russ, on Crimes 838; Greenl. Ev. 257; and cases cited. It follows that the burden of showing the contrary devolves on the Commonwealth, as the condition on which the confession will be admissible.
The court is further of opinion, that the original confession, which was offered in evidence in this case,, *732 Was clearly inadmissible; having been made under tbe influence of fear, produced by tbe presence and tbe threats of a large number $f negroes, some of whom were armed, who attended tbe person who made tbe arrest, and threatened to bang tbe accused, and tbe Circuit court was therefore right in excluding it.
But tbe court declines at this time to express any opinion as to tbe admissibility of tbe subsequent confessions which were given in evidence; deeming it sufficient to state the principles of law which govern tbe subject, and leaving it to tbe Circuit court to apply them, according to a sound discretion, in view of all tbe facts, as they may be developed in tbe future trial of tbe case.
Therefore, it is considered that tbe said judgment, for the reason aforesaid, is erroneous, and that it he reversed and annulled; that tbe demurrer to tbe first count of the indictment be sustained; that tbe verdict of tbe jury be set aside; and that tbe cause be remanded to tbe said Circuit court, for a new trial to be bad therein on tbe second count of tbe indictment; on which new trial the said court is to be governed by tbe principles herein declared, as far as they may be applicable. Which is ordered to be certified to tbe said Circuit court.
Judgment reversed.